**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALEXANDER D SEVILLET, ) | |
| Petitioner, ) | 3:12-cv-00129-LRH-WGC |
| vs. ) | **ORDER** |
| NEVEN, *et al.,* ) | |
| Respondents. ) | |

Petitioner Alexander D Sevillet has filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (ECF # 1-1). His application to proceed *in forma pauperis* (ECF # 1) is granted.

The habeas petition shall be served upon the respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Petitioner has also submitted a motion for the appointment of counsel (ECF #1-2). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of

counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). The petition on file in this action appears sufficiently clear in presenting the issues that petitioner wishes to raise. Counsel is not justified at this time. Petitioner's motion is denied.

Finally, petitioner has submitted a motion for copy work (ECF #1-3). He states that he has exhausted the inmate copy work allotment permitted by the Nevada Department of Corrections and that as a result he has no copies of what he has filed in this case thus far and has been unable to serve respondents. Petitioner's motion is denied. This order provides for service on respondents. Further, if respondents answer or otherwise respond to the petition, they will bear the burden of including all necessary portions of the record for this case with the documents they file with the court and serve on petitioner. If petitioner has a need for copies for a specific filing in this case in the future, he shall file a motion identifying such needs with specificity at that time. However, the Clerk is directed to send to petitioner one copy of ECF #1-1, his petition in this case.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF #1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** and **ELECTRONICALLY SERVE** the petition (ECF #1-1) upon the respondents.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry of this order within which to answer, or otherwise respond to, the petition. In their answer or other response, respondents shall address any claims presented by petitioner in his petition as well as any claims presented by petitioner in any Statement of Additional Claims. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. **Successive motions to dismiss will not be entertained**. If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have **forty-five (45) days** from the date of service of the answer to file a reply.

**IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the attorney general of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration by the court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the attorney general. The court may disregard any paper that does not include a certificate of service. After respondents appear in this action, petitioner shall make such service upon the particular deputy attorney general assigned to the case.

**IT IS FURTHER ORDERED** that the Clerk shall **FILE** petitioner's motion for appointment of counsel (ECF #1-2) and petitioner's motion for copywork (ECF #1-3).

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF #1-2) and motion for copywork (ECF #1-3) are both **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk **SHALL SEND** to petitioner one copy of ECF #1-1.

DATED this 23rd day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE