# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ALEXANDER D. SEVILLET,

    Petitioner,

vs.

NEVIN, *et al.*,

    Respondents.

3:12-cv-00129-LRH-WGC

**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court is respondents' motion to dismiss (ECF #12). Petitioner has opposed the motion (ECF #17), and respondents have replied (ECF #27).

As a preliminary matter, petitioner has also filed a second motion for appointment of counsel (ECF #19). As the court stated before, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993) (*see* ECF #5). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). As the court previously determined, the petition and other papers on file in this action appear sufficiently clear in presenting the issues that petitioner wishes to raise. Petitioner's motion is denied.

## I. Procedural History and Background

On January 14, 2010, the State of Nevada charged petitioner by way of an information in the Eighth Judicial District Court with count 1, possession of a stolen vehicle with the intent to promote, further or assist a criminal gang (exhibits to motion to dismiss, ECF #12, ex. 5).[1] Thereafter the State filed an amended information charging petitioner with count 1: possession of a stolen vehicle with the intent to promote, further or assist a criminal gang; and count II: grand larceny auto and with the intent to promote, further, or assist a criminal gang (ex. 8).

After the first negotiated plea agreement, on August 26, 2010, upon request of the State, the court struck the amended information and ordered the original information reinstated (ex. 4, 8/26/2010). Petitioner withdrew his prior plea and entered a guilty plea to count 1 of the information (ex. 16). On September 7, 2010, the court filed the judgment of conviction and sentenced petitioner to 30-84 months plus an equal and consecutive term for the gang enhancement, with the sentences to run concurrently to an unrelated state district court case (ex. 17).

Petitioner did not file a direct appeal.

On April 1, 2011, petitioner filed a state habeas petition in state district court (ex. 25). On May 19, 2011, he filed a supplemental habeas petition (ex. 30). The state district court orally denied the petition on June 7, 2011 and filed the written findings of fact, conclusions of law and order denying the state habeas petition on August 12, 2011 (ex. 35).

Petitioner appealed, and the Nevada Supreme Court affirmed the denial of the state habeas petition on February 8, 2012 (ex. 49). The court addressed petitioner's two claims of ineffective assistance of counsel–failure to request a preliminary hearing and failure to call expert and character witnesses at an evidentiary hearing–on the merits. The court found the remaining claims barred by Nev. Rev. Stat. 34.810(1)(a) (*id.*). On March 5, 2012, remittitur issued (ex. 52).

Before the Nevada Supreme Court's resolution of the appeal of the denial of the first state habeas petition, petitioner filed a second state habeas petition on September 16, 2011 (ex. 39). The state district court orally dismissed the petition as time-barred on November 29, 2011 and filed the written order on

---

[1] All exhibits referenced in this order are exhibits to respondents motion to dismiss (ECF #12) and may be found at ECF #s 13-15.

2

December 28, 2011 (ex. 47). Petitioner appealed (ex. 50). On July 25, 2012, the Nevada Supreme Court affirmed the denial of the second state habeas petition as untimely pursuant to NRS 34.726(1) and successive pursuant to NRS 34.810(2). Remittitur issued on August 26, 2010.[2]

On March 8, 2012, this court received petitioner's federal habeas petition (ECF #6). Petitioner raises four grounds for relief:

> (1) He alleges that his Sixth Amendment right to effective assistance of counsel was violated when his counsel failed to investigate and call "certain expert witnesses and character witnesses" at a pre-trial evidentiary hearing. He claims that had counsel called these witnesses, the outcome of the evidentiary hearing would have been different. Counsel had evidence from an investigator that petitioner was not an active gang member "but failed to call witnesses."
>
> (2) He alleges that his Fourth Amendment rights were violated when a detective seized and searched his cellular phone without petitioner's consent or a warrant when he was booked into Clark County Detention Center.
>
> (3) He alleges that his Fourth and Fifth Amendment rights were violated when detectives impounded his cellular phone using an improper search warrant dated before petitioner was charged and containing false and misleading information.
>
> (4) He alleges that his Fifth Amendment rights were violated when, after new charges were brought against him, he did not receive new *Miranda* warnings. He claims that detectives knew he was on drugs at the time and could not "properly think."

(ECF #6). This court denied petitioner's first motion for appointment of counsel on March 23, 2012 (ECF #5). Respondents argue that the petition should be dismissed on several bases including because the grounds are unexhausted and not cognizable in federal habeas.

## II. Discussion

### A. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct

---

[2] At the time respondents filed this motion to dismiss, petitioner's appeal of the denial of his second state petition was still pending. However, this court may take judicial notice of the Nevada Supreme Court's online docket, which indicates that the Nevada Supreme Court affirmed the state district court's denial of the petition on July 25, 2012 (Case No. 60226).

3

appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); see *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

### B. Guilty Plea and Federally Cognizable Habeas Claims

The United States Supreme Court has held that "when a criminal defendant has solemnly admitted in open court that he is, in fact, guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior

4

to the entry of the plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Floyd*, 108 F.3d 202, 204 (9th Cir. 1997) (overruled on other grounds in *U.S. v. Castillo*, 496 F.3d 947 (9th Cir. 2007)). A prisoner's guilty plea breaks the chain of events that precedes the plea in the criminal process, and, as such, precludes the prisoner from raising independent claims relating to the deprivation of constitutional rights that allegedly occurred prior to the entry of plea. *Burrows v. Engle*, 545 F.2d 552, 553 (6th Cir. 1976).

"[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then conviction and plea, as a general rule, foreclose collateral attack." *United States v. Broce*, 488 U.S. 563, 569 (1989).

When a petitioner has entered a guilty plea then subsequently seeks to claim his counsel rendered ineffective assistance, such claim is limited to the allegation that defense counsel was ineffective in advising petitioner to plead guilty. *Fairbank v. Ayers*, 650 F.3d 1243, 1254-1255 (9th Cir. 2011) (citing *Tollett*, 411 U.S. at 266-267 and explaining that because a guilty plea precludes a claim of constitutional violations prior to the plea, petitioner's sole avenue for relief is demonstrating that advice of counsel to plead guilty was deficient); *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004).

**C. Petition in the Instant Case**

**Ground 1**

In ground 1 of the federal petition, petitioner alleges a violation of his Sixth Amendment right to effective assistance of counsel when counsel failed to investigate and call "certain expert witnesses and character witnesses" at his evidentiary hearing (ECF #6 at 5-6).

Respondents argue that ground 1 is unexhausted. It appears to the court that ground 1 is, in fact, exhausted. However, respondents also argue that ground 1 is not cognizable for the purposes of federal habeas review because when a petitioner entered a guilty plea, the federal habeas inquiry is generally confined to whether the underlying plea was both counseled and voluntary (ECF #12 at 11). They assert that any other claim–including ineffective assistance of counsel that does not concern the advice given for and the voluntary nature of the guilty plea–is foreclosed (*id.*)

//

The court agrees with respondents that under *Tollett*, petitioner is barred from bringing this claim of ineffective assistance of counsel during the pre-trial evidentiary hearing. *Tollett*, 411 U.S. at 267 ("when a criminal defendant has solemnly admitted in open court that he is, in fact, guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the plea"). Petitioner would be limited to claiming that he received ineffective assistance of counsel only in relation to the advice to plead guilty and to the voluntary nature of his plea. *Id.*, see also *Fairbank*, 650 F.3d at 1254-1255. That is not the claim that he alleges in ground 1. Accordingly, ground 1 is dismissed for failure to state a claim for which relief may be granted.

**Ground 2**

In ground 2, petitioner argues that his Fourth Amendment rights were violated when a detective seized and searched his cellular phone at the Clark County Detention Center without a search warrant or his consent (ECF #6 at 8). Respondents argue that ground 2 is unexhausted (ECF #12 at 7-8). It appears to the court that ground 2 is, in fact, exhausted. However, respondents also argue–as with ground 1–that this claim is barred under *Tollett* because it is a claim other than one of ineffective assistance of counsel with respect to the advice to plead guilty or the voluntariness of that plea (ECF #12 at 11-12).

The court agrees with respondents that, as discussed with ground 1, ground 2 is not cognizable in a federal habeas petition. Accordingly, ground 2 is dismissed for failure to state a claim for which relief may be granted.

**Ground 3**

In ground 3, petitioner alleges that his Fourth and Fifth Amendment rights were violated when detectives impounded his cellular phone using an improper search warrant that was dated before petitioner was charged and that contained false and misleading information (ECF #6 at 10). Respondents argue that ground 3 is unexhausted. They point out that while in both his first state postconviction petition and the instant petition petitioner alleges that the warrant did not have the proper time constraints and was overly broad, he alleges for the first time in the instant petition that the warrant contained deliberately or recklessly false or misleading information (ECF #12 at 8, discussing ex. 25).

6

Respondents are correct that petitioner stated for the first time in his federal petition that the search warrant contained deliberately or recklessly false or misleading information. The additional factual allegations of deliberate or reckless conduct that violated his constitutional rights are not the same operative facts and legal theory as he presented to the Nevada Supreme Court. *Bland,* 20 F.3d at 1473. Accordingly, ground 3 is unexhausted.

However, the fact that ground 3 is unexhausted is of no moment here because ground 3 is not cognizable under *Tollett*. Again, petitioner entered a guilty plea, and ground 3 is a claim other than one of ineffective assistance of counsel with respect to the advice to plead guilty or the voluntariness of that plea. Accordingly, ground 3 is not cognizable in a federal habeas matter and is dismissed.[3]

**Ground 4**

Petitioner alleges that his Fifth Amendment rights were violated when, after new charges were brought against him, he did not receive new *Miranda* warnings. He claims that detectives knew he was on drugs at the time, could not "properly think," and "wasn't in his right state of mind" (ECF #6 at 12). Respondents argue that ground 4 is unexhausted because petitioner raises for the first time in the instant petition that detectives knew he was on drugs at the time, could not properly think and was not in his right state of mind (ECF #12 at 8-9).

Respondents are correct that with respect to his claim that not being re-read the *Miranda* warnings violated his Fifth Amendment rights, petitioner raises for the first time in the instant petition the additional factual allegations that detectives knew he was on drugs at the time, could not properly think and was not in his right state of mind. As with ground 3, these additional factual allegations expand this ground so that it is no longer comprised of the same operative facts and legal theory as he presented to the Nevada Supreme Court. *Bland,* 20 F.3d at 1473. Accordingly, ground 4 is unexhausted.

//

---

[3] The court notes that, additionally, with respect to grounds 2 and 3, Nevada law provides that a defendant may file a motion to suppress in order to challenge a search on Fourth Amendment grounds. NRS 179.085. Petitioner did not file a motion to suppress related to the seizure of his phone without a warrant or the alleged use of an improper warrant to impound and review the information on the phone. However, where the petitioner has received "an opportunity for full and fair litigation" of a Fourth Amendment claim in state court, federal habeas relief is not available. *Stone v. Powell*, 428 U.S. 465, 494 (1976). Petitioner had such a "fair opportunity," of which he did not avail himself. Under *Stone*, grounds 2 and 3 are also barred from federal review.

However, as with ground 3, the fact that ground 4 is unexhausted is of no moment here because it is not cognizable under *Tollett*. Petitioner entered a guilty plea, and ground 4 is a claim other than one of ineffective assistance of counsel with respect to the advice to plead guilty or the voluntariness of that plea. Accordingly, ground 4 is not cognizable in a federal habeas matter and is dismissed.[4]

Petitioner has also filed a motion to extend copywork limit (ECF #18). This motion is denied as moot.

### III. Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-51 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

//

//

---

[4] The court notes that it appears that grounds 2, 3, and 4 are also procedurally barred from federal habeas review as the Nevada Supreme Court affirmed the denial of these grounds on the basis that under Nevada law the only claims that may be brought in a habeas petition challenging a judgment of conviction based on a guilty plea are those claims that allege the plea was involuntary or unknowingly entered, or that the plea was without effective assistance of counsel. NRS 34.810(1)(a). The Nevada Supreme Court explicitly relied on this procedural bar when it declined to review the state habeas claims that correspond to grounds 2, 3, and 4 of the federal habeas petition (ex. 49). "The independent and adequate state ground doctrine prohibits the federal courts from addressing the habeas corpus claims of state prisoners when a state-law default prevented the state court from reaching the merits of the federal claims." *Thomas v. Lewis*, 945 F.2d 1119, 1122 (9th Cir. 1991).

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss the petition (ECF #12) is **GRANTED**. The petition is **DISMISSED** with prejudice for failure to state a claim for which relief may be granted.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY**.

**IT IS FURTHER ORDERED** that petitioner's motion to extend prison copywork limit (ECF #18) and his motion for appointment of counsel (ECF #19) are both **DENIED**.

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT** accordingly and close this case.

DATED this 28th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE